**EUN CHEN LIU, also known as Run Quan Liu, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1636–ag.

United States Court of Appeals, Second Circuit.

Sept. 15, 2006.

---

---

Gary J. Yerman, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, William C. Pericak, Assistant United States Attorneys, Albany, New York, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Eun Chen Liu, a.k.a., Run Quan Liu, a citizen of the People's Republic of China, seeks review of a March 20, 2006 order of the BIA affirming the October 12, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Eun Chen Liu,* No. A71 488 718 (B.I.A. Mar. 20, 2006), *aff'g* No. A71 488 718 (Immig. Ct. N.Y. City Oct. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, substantial evidence supports the IJ's finding that it was implausible that Liu and his wife would register their marriage and combine their household registrations with the government before they fled their village or while they were in hiding. The IJ noted that Liu's alleged fear of sterilization was contradicted by the relative ease with which he obtained legal documents and a changed his household register, and reasonably rejected Liu's explanation that he was able to obtain a marriage certificate because the office that issues them is not connected to the family planning office. Such disconnectedness would tend to support the IJ's conclusion that Liu "was able to function in China and have repeated government contacts to obtain documents and not face any consequences with respect to the birth control policy."

Substantial evidence also supports the IJ's finding that the forged death certifi-

cate of Liu's mother fatally damaged his credibility. Although Liu testified that he told the person who filled out his paperwork that he wanted to return to China in order to visit his wife in the hospital, the IJ reasonably rejected this explanation, finding that Liu's purported ignorance was implausible. The IJ explained that because Liu had a valid and compelling reason to return to China, there was no need for the agency he hired to fabricate a document or fraudulently submit an application on his behalf. The IJ also considered and reasonably rejected Liu's explanation that the agency lied because it enabled them to collect money from him, where stating the truth would also presumably have entitled them to a fee.

In addition, even if Liu was excusably ignorant of the lies propagated by the immigration agency he used, substantial evidence supports the IJ's finding that his application for advanced parole undermined his alleged fear of persecution. Although Liu stated that he would have had second thoughts about going to China had his parole been granted, the very act of applying for permission to return to China provides sufficient evidence that a reasonably adjudicator would not be compelled to overturn the IJ's finding that Liu did not possess a genuine subjective fear of persecution.

Accordingly, despite any IJ errors, substantial evidence supports the adverse credibility determination and the finding that Liu's application for advanced parole undermined his subjective fear of persecution. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). In addition, because he failed to meet the burden of proof for asylum, the IJ correctly found that he also failed to establish eligibility for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Finally, we do not address

the IJ's conclusion that involuntary sterilization, imprisonment and fines do not constitute torture under the CAT because the adverse credibility determination in this case necessarily precludes success on the claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *Cf. Shu Ling Ni v. BIA,* 439 F.3d 177, 179–80 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).